IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE No. MB10854 | * * * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO.  JKB-12-1378 |
| ALLIED HOME MORTG. CAP. CORP. *et al.* | * * | |
| Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

In response to the Court's order of July 18, 2012 (ECF No. 29), both parties submitted briefs addressing the schedule of this case.  Plaintiffs assert they intend to file a motion for summary judgment that will be dispositive of the issue of their duty to defend and indemnify Defendant Allied in the underlying litigation of *Brown v. Allied Home Mortg. Cap. Corp.*, Civ. No. JKB-11-667 (D. Md.).  (Pls.' Br. 1, ECF No. 30.)  Plaintiffs contend the case can be disposed of at this early stage either by the Court's determination that the allegations of the underlying complaint do not fall within the scope of insurance coverage or by the Court's determination that the allegations of the underlying complaint trigger insurance coverage that has nevertheless already been exhausted by Plaintiffs' payments to Allied.  (*Id.* 3.)  Thus, Plaintiffs say their planned motion for summary judgment may be resolved without the need for discovery or resort to extrinsic evidence.  (*Id.*)  The value of early resolution is clearly evident to the Court.

Defendants, on the other hand, express their intent to file a motion to stay further proceedings in the instant case pending the conclusion of the underlying litigation.  (Defs.' Br. 1,

4, ECF No. 31.) Such a motion, if decided in their favor, would obviate the need for Plaintiffs' anticipated motion for summary judgment. (*Id.* 2.) Defendants contend that Maryland law, which the Court presumes to apply to the question of insurance coverage in this case, distinguishes, on the one hand, between an insurer's seeking declaratory judgment on the issue of duty to defend and indemnify in a case in which the issue is resolvable only by reference to collateral issues and, on the other hand, an insurer's seeking declaratory judgment on the same issue in a case in which resolution of the coverage issue is intertwined with the question of liability in the underlying litigation. (*Id.* 3-4.) Defendants' argument also is logical and would conserve resources of both the Court and the parties.

Thus, the question that must be decided is whether this case falls into the category of cases relating to insurance coverage that Maryland law regards as intertwined with the underlying litigation and, therefore, unsuitable for resolution prior to the conclusion of the underlying case or whether this case falls outside of that category. If the former, then the case should be stayed pending resolution of the underlying litigation. If the latter, then staying the proceedings would be inappropriate and an early consideration of Plaintiffs' planned motion for summary judgment would allow for judicial economy.

Accordingly, it is hereby ORDERED:

1. The hearing set for August 1, 2012, is VACATED;

2. The parties shall observe the following schedule:

    August 16, 2012          Defendants to file motion for stay

    September 4, 2012        Plaintiffs to file response in opposition

    September 18, 2012       Defendants to file reply

If the motion for stay is denied, then the Court will establish a briefing schedule for the motion for summary judgment. If the motion for summary judgment is denied, then the Court will enter a scheduling order for discovery, etc.

DATED this 26th day of July, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge